UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | ) | |
|---|---|---|
| ANDREW DAVISON and CAPE COD BIOFUELS, INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 15-11889-FDS |
| TOWN OF SANDWICH, JASON VIVEIROS, THOMAS CORRIVEAU, GEORGE RUSSELL, and GEORGE H. DUNHAM, | ) ) ) ) ) | |
| Defendants. | ) ) | |

# MEMORANDUM AND ORDER ON
# PLAINTIFFS' MOTION FOR RECONSIDERATION

This is a civil action brought by a former firefighter (and a company that he owns and operates) for alleged violations of his constitutional rights and for various state-law claims. In November 2011, plaintiff Andrew Davison injured his shoulder in the line of duty and took an extended injury leave. While on leave, he received his full salary and benefits pursuant to Mass. Gen. Laws ch. 41, § 111F, which states that police officers and fire fighters injured in the line of duty "shall be granted leave without loss of pay" for the duration of their incapacitation.[1] He also performed work for his company, Cape Cod BioFuels, Inc., during the leave. Among other things, he promoted the company and appeared in multiple news stories about it while on injury leave.

Beginning in July 2012, Davison put up a sign on his property urging town residents to "vote 'no'" on a proposed new public safety complex. Town officials, who supported the

---

[1] The collective bargaining agreement between the firefighters' union and the town includes a provision that is virtually identical to Mass. Gen. Laws ch. 41, § 111F.

complex, were unhappy with the sign. Nonetheless, Davison was not ordered to take it down. The proposal was defeated at a town meeting in May 2013.

The Town of Sandwich Fire Department has a rule ("Rule 22.5") that prohibits employees from performing work of any kind while on injury leave. Town officials requested that Davison stop working while on leave, which he refused to do. He also provided incomplete and untimely medical information in response to requests from the town for more information about his claimed disability. Davison was reprimanded for violating the rule in September 2012. Nonetheless, he continued to work for his company while on injury leave. The town hired an investigator to follow Davison, who observed him working at the company, lifting large objects, and moving without any discomfort or restriction. Eventually, in April 2014, Davison was fired for violation of town rules and policies and insubordination, as well as making a threatening telephone call.

Davison then filed this action, alleging that he was fired in retaliation for putting up the sign, in violation of his exercise of his First Amendment rights of free speech. Count Three of the complaint also alleged that the rule under which he was ostensibly fired—the rule prohibiting outside work while on injury leave—was invalid because it added restrictions not included in either Mass. Gen. Laws ch. 41, § 111F or the relevant collective bargaining agreement.

Defendants moved for summary judgment on all claims, and the Court granted those motions in part and denied them in part. As is relevant here, the Court granted summary judgment as to Count Three, concluding that it was essentially a claim that the town had violated the collective bargaining agreement and that, following *Vaca v. Sipes*, 386 U.S. 171 (1967), such a claim could not be brought because plaintiff had not exhausted the remedial procedures provided for in the agreement itself, which required arbitration. Noting that the union was

currently in the process of arbitrating on behalf of Davison, the Court concluded that he had not fully exhausted the procedures provided for in the collective bargaining agreement and that none of the exceptions to the complete exhaustion requirement applied.

Plaintiffs subsequently filed a motion for reconsideration, contending that the Court's order was based "on the incorrect assumption" that Davison had "failed to use the grievance procedures outlined in the collective bargaining agreement." (Pl. Mot. at 1, 2).[2] According to plaintiffs, the fact that the arbitration between the union and the town was currently pending demonstrated that Davison had in fact followed the grievance procedures provided for in the agreement. (*Id.* at 2). Plaintiffs requested that the Court either reach the merits of Count Three or defer consideration of that count until the conclusion of the arbitration. (Pl. Reply at 2).

After careful consideration, the motion for reconsideration will be denied. First, the Court's order did not, as plaintiffs suggest, rely on the incorrect assumption that Davison had not *used* the grievance procedures provided for the in collective bargaining agreement. Rather, the decision to not reach the merits of Count Three was based on his failure to *exhaust* those remedies, as demonstrated by the fact that arbitration was then (and appears still to be) pending. Full exhaustion is required unless "any of the exceptions to the general rule of exhaustion" apply. *Hayes v. New England Millwork Distrib., Inc.*, 602 F.2d 15, 18 (1st Cir. 1979). Plaintiffs did not, and have not, suggested that any such exception applies. Plaintiffs challenge to the rule's validity, filed before the arbitration was completed, was therefore premature. *See Robbins v. George W. Prescott Pub. Co., Inc.*, 614 F.2d 3, 4-5 (1st Cir. 1980).

---

[2] Plaintiffs also contend that the failure to exhaust available remedies was an improper basis for the Court's decision because it had not been raised by the Town. (Pl. Reply at 2). That is plainly incorrect. The very first argument made in the Town's motion for summary judgment was that plaintiffs were not entitled to challenge the rule's invalidity because doing so would "circumvent the arbitration procedures [Davison] agreed to by virtue of his membership in a collective bargaining unit" as his "pending arbitration" demonstrated that he had not yet exhausted the grievance procedures provided for in the agreement. (Def. Town of Sandwich Mem. at 10-11).

Second, a stay pending completion of the arbitration is not appropriate here. At oral argument on the motion for reconsideration, counsel for plaintiffs directed the Court's attention to *Medici v. Lifespan Corp.*, 2017 WL 888308 (D. Mass. Mar. 6, 2017). There, the court relied on a recent First Circuit opinion in holding that the case should be stayed, not dismissed, pending the completion of the relevant administrative review process. *Id.* at *5-6 (citing *Anversa v. Partners Healthcare Sys., Inc.*, 835 F.3d 167 (1st Cir. 2016)). In *Anversa*, the First Circuit held that "as a matter of practice, a district court ordinarily should stay, rather than dismiss, an action when it finds that principles of administrative exhaustion require it to act." 835 F.3d at 179. However, the context of this case is very different from *Medici* and *Anversa*. Those cases concerned a statutorily established administrative process for reviewing reports of research misconduct concerning researchers who receive substantial federal funding. *Medici*, 2017 WL 888308, at *4; *Anversa*, 835 F.3d at 170. Under the relevant regulations, a respondent may appeal a finding of misconduct to an administrative law judge, but the statute does not explicitly require exhaustion of administrative remedies prior to filing suit. *Anversa*, 835 F.3d at 171.

Here, however, a long line of cases establishes that employees alleging the violation of a collective bargaining agreement must exhaust the procedures provided for in that collective bargaining agreement *before* filing suit. *See, e.g., Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 563 (1976) (noting that suit against employer "would be dismissed" unless employee "attempted to utilize the contractual procedures for settling his dispute"); *Voda v. New England Tel. and Tel. Co.*, 580 F. Supp. 852, 853 (D. Mass. 1984) ("[T]he prerequisite to an employee's suit in federal court against his employer for breach of a collective bargaining agreement is exhaustion of all grievance or arbitration procedures provided in the agreement."); *American Postal Workers Union, AFL-CIO v United States Postal Service*, 755 F. Supp. 1076, 1078 (D.

D.C. 1989) ("It is axiomatic that employees must avail themselves of grievance and arbitration procedures provided for in a collective bargaining agreement before filing suit for breach of the collective bargaining agreement or before filing suit on a claim which requires the court to interpret a collective bargaining agreement."). Exhaustion is only excused where the union has breached its duty of fair representation. *See Vaca*, 386 U.S. at 185-86; *Hines*, 424 U.S. at 567; *DelCostello v. International Broth. of Teamsters*, 462 U.S. 151, 164 (1983). There has been no allegation of such a breach here.[3] Count Three was therefore properly dismissed, and the motion for reconsideration is accordingly DENIED.

**So Ordered.**

Dated: June 16, 2017

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

---

[3] A union's breach of its duty of fair representation is a prerequisite to either raising an unexhausted claim or challenging the final decision of an arbitrator. *See Hines*, 424 U.S. at 571-73 (holding that employees can challenge final decision of arbitrator only if they "prove . . . the Union's breach of duty tainting the decision of the [arbitrator]"); *Voda*, 580 F. Supp. at 854 (dismissing complaint for "fail[ure] to allege any facts which indicate bad faith, discrimination, or arbitrariness on the part of the Union in handing her grievance").